**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

CARLOS GARCIA SABROSO,

    Petitioner,

v.

D. RAY JAMES CORRECTIONAL
FACILITY, et al.,

    Respondents.

CIVIL ACTION NO.: 5:16-cv-13

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Carlos Garcia Sabroso ("Sabroso"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Along with his Petition, he filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) For the reasons which follow, the Court **DENIES** Sabroso's *in forma pauperis* Motion. Additionally, I **RECOMMEND** that the Court **DISMISS** Sabroso's Petition without prejudice and **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Sabroso *in forma pauperis* status on appeal.

### BACKGROUND

Sabroso is a citizen of Spain. On October 3, 2014, the Southern District of Florida sentenced Sabroso to thirty-seven months' imprisonment. (Doc. 1, p. 2.) Sabroso states that, on September 29, 2015, the Department of Justice received authorization from the Spanish government for him to serve the remainder of his sentence in Spain. However, while his transfer is pending, he is incarcerated at D. Ray James.

Throughout his Petition, Sabroso makes several allegations concerning the conditions of his custody at D. Ray James. While his allegations are rambling and at times difficult to follow, he generally alleges that the conditions of his imprisonment violate the Eighth Amendment's prohibition against cruel and unusual punishment, the equal protection clause of the Fourteenth Amendment, international law, and Bureau of Prisons' regulations. (Doc. 1.) For example, he claims that during his imprisonment at D. Ray James, he and others have been forced to clean and maintain the facility and perform other chores without pay. (Id. at pp. 15–16.) He also claims that the Bureau of Prisons discriminates against him and other foreign inmates by housing them at D. Ray James. (Id. at p. 10.) Additionally, he claims that prison guards have engaged in unlawful conduct by bringing cell phones and drugs into the prison and engaging in sexual acts with inmates. (Id. at p. 17.) As a remedy, Petitioner requests protection from Defendants allegedly cruel and unusual punishment, as well as damages in the amount of $5,000 per day. Id.

**I. Whether Sabroso Presents Claims Which can be Addressed by a Writ of Habeas Corpus**

Despite Sabroso's characterization of his pleading as one made pursuant to 28 U.S.C. § 2241, the contentions he sets forth and the relief he seeks fall outside the purview of that statute. His claims would ordinarily be brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The distinction between claims which may be brought under Bivens and those which must be brought as habeas petitions is reasonably well settled. Claims in which federal prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence are Bivens actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994). Habeas actions, in contrast, explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the

judgment). Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a Bivens claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

Sabroso cannot bring the claims he asserts via a habeas petition. His claims concerning cruel and unusual punishment, work conditions at the prison, and discriminatory housing contest the conditions of his confinement and are not cognizable pursuant to 28 U.S.C. § 2241. Moreover, he does not seek to challenge his sentence or conviction or the duration of his confinement. Rather, he requests monetary damages. Accordingly, Sabroso's Petition should be **DISMISSED** without prejudice.

## II. Whether the Court Should Recharacterize Sabroso's Petition

"Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). This Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. United States District Court, 523 F. App'x 691, 694 (11th Cir. 2013). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of the motion and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82).

However, it would be futile and, thus, improper to recharacterize Sabroso's Petition as a Bivens action. The United States Supreme Court has held that a federal prisoner cannot bring a

Bivens claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions.¹ Minneci v. Pollard, ___ U.S. ___, 132 S. Ct. 617 (Jan. 10, 2012). The Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." Id. at ___, 132 S. Ct. at 623 (quoting Wilkie v. Robbins, 551 U.S. 537, 559 (2007)) (declining to extend Bivens liability to allow a landowner to pursue a private action against employees of the Bureau of Land Development).

D. Ray James Correctional Facility is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James, including Defendants, are employees of The GEO Group, Inc., a private entity. Like the plaintiffs in Minneci and Alba, so long as Plaintiff has adequate state law remedies available to him, he may not maintain a cause of action pursuant to Bivens against The GEO Group, Inc., or its employees (such as Defendants) because The GEO Group, Inc., and its employees are private parties. Thus, Plaintiff's remedy, if any, against Defendants lies in state court.² Consequently, Plaintiff cannot bring a Bivens action against the named Defendants.

## III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Sabroso leave to appeal *in forma pauperis*. Though Sabroso has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party

---

¹ In the Eleventh Circuit, such a claim has been foreclosed since 2008. See Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008) (declining to extend Bivens to cover a claim for deliberate indifference to medical needs against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees).

² The Court offers no opinion as to the efficacy of such a pursuit.

4

proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. . 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Sabroso's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Sabroso *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, the Court **DENIES** Sabroso's Motion to Proceed *in Forma Pauperis*. Additionally, I **RECOMMEND** that the Court **DISMISS** Sabroso's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Sabroso *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Sabroso.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of April, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA